```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 2:23-cr-00144

**JARROD STEVEN BENNETT**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America by Assistant United States Attorney Jennifer Rada Herrald and files this Sentencing Memorandum. Based on the facts set forth in the Presentence Investigation Report ("PSR") and as more fully discussed below, the United States requests that the Court sentence defendant to a Guideline sentence of 30 years in prison.

Defendant pled guilty to production of child pornography of a Victim 1, a minor child over whom he was in a position of trust. He distributed child pornography to multiple users on Snapchat, and each time he was shut down for such conduct he simply opened a new Snapchat account and continued to distribute child pornography. One image he distributed was an image he produced of the Victim 1. He possessed child pornography, including images depicting prepubescent minors. He repeatedly took action to destroy potential evidence in the case. And he did all of this while he was a law enforcement officer with nearly two decades on

the job. Defendant's conduct in itself was heinous, but it was made even worse by his abuse of both his private position of trust over the victim and his public position of trust as someone who swore to uphold and enforce the law. A sentence at the top of the statutory range of 30 years in prison (which is itself already well below his advisory guideline range of life) is warranted in this case.

**A. Objections to the PSR**

The United States has objected to defendant receiving a three-level reduction in his guideline level for acceptance of responsibility.[1] Typically, a defendant who receives an enhancement for obstruction will not receive a reduction for acceptance of responsibility absent exceptional circumstances. The only exceptional circumstances present in this case weigh against, rather than for, the application of the guideline reduction — defendant, a law enforcement officer, *knew* he was being investigated for child pornography offenses and then went to extraordinary lengths to destroy evidence. As someone involved in law enforcement, he was well aware that destruction of evidence is not only illegal but also strikes at the very core of the justice

---

[1] The United States recognizes that ultimately the reduction is irrelevant, as it does not change his ultimate offense level or guideline range. However, as the Court is still required to correctly calculate defendant's guideline range, the United States lodges this objection.

system. Despite this knowledge, defendant willfully interfered with the investigation into his crime. The facts clearly do not present extraordinary circumstances that provide any form of mitigation of his obstruction, and merely opting to plead guilty to abhorrent conduct does not justify the application of the reduction for acceptance of responsibility.

### B. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following:

**(1) The nature and circumstances of the offense.**

Defendant's crime is horrible – he video recorded himself masturbating above a sleeping child. He also surreptitiously recorded that same child in the bathroom, took a screenshot of that video that depicted the child's genital area, and distributed it online to other pedophiles. He distributed this in addition to other child pornography online. As a result of his conduct, not only did he perpetuate the ongoing traumatization of victims through redistribution of their images, he also created a new victim whose images are now in circulation. Those images cannot be contained or removed from the hands of pedophiles throughout the world. And defendant was meant to protect and care for the child when he victimized her. This conduct warrants the highest penalty available under the law of 30 years in prison.

**(2) The history and characteristics of the defendant.**

While defendant does not have a criminal history, he does have a history that calls for a guideline sentence – he was a nearly two-decade member of law enforcement when he committed his heinous crimes. Law enforcement must be held to a higher standard than the average person – they have been given enormous power and public trust to enforce the law, and their intentional decision to break those same laws reflects a substantially greater violation of the rule of law. Defendant knew better, and yet he chose to victimize a child, engage in horrendous crimes related to the sexual abuse of children, and destroyed evidence in an attempt to cover his tracks. His history and characteristics call for a sentence of 30 years in prison.

**(3) Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.**

Defendant's crime is amongst the most serious offenses under criminal law – the production of images depicting the sexual abuse of a minor. He filmed himself masturbating over a sleeping prepubescent child. He uploaded that video to his Snapchat account in order to preserve it. And he put into circulation – potentially forever – another image of child pornography he produced of that child. A guideline sentence in this case is appropriate to reflect the seriousness of this crime. It is also necessary to impose a

just punishment for the horrendous abuse and violation of trust that his offense involved.

Importantly, a guideline sentence is also necessary to promote respect for the law. Defendant, while entrusted with the authority to enforce the law and arrest those who violate it, chose to violate it himself in the most egregious of ways. His actions reflect that he has no true respect for the law, and a significant sentence is required to ensure that defendant learns that the law applies equally to him as it does to the hundreds of people he has arrested during his extensive career in law enforcement.

**Conclusion**

The United States respectfully requests that the Court sentence defendant to a term of 30 years in prison followed by a lifetime term of supervised release.

> Respectfully submitted,
>
> WILLIAM S. THOMPSON
> United States Attorney
>
> <u>/s/Jennifer Rada Herrald</u>
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV Bar No. 12181
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> Email: jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 12th day of August, 2024 to:

>Tim Carrico, Esq.
>CARRICO LAW OFFICES LC
>105 Capitol Street, Suite 300
>Charleston, WV 25301
>Telephone: 304-347-3800
>Fax: 304-347-3688

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email: jennifer.herrald@usdoj.gov